UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| SEHEE MOON, Individually and as the Representative of the ESTATE OF SUNG YOUN MOON (dcd), SOON BOCK MOON, HYEMIN MOON, and YOUNG HYE MOON<br><br>*Plaintiffs*,<br><br>v.<br><br>AMAZON LOGISTICS, INC, FESTAC LOGISTICS, LLC, and ROTIMI ARIJELOYE<br><br>*Defendants*, | Case No._____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, **SEHEE MOON, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF SUNG YOUN MOON (DECEASED)**, **SOON BOCK MOON, HYEMIN MOON, AND YOUNG HYE MOON** complaining of **AMAZON LOGISTICS, INC, FESTAC LOGISTICS, LLC,** and **ROTIMI ARIJELOYE** and for Plaintiffs' respective causes of action show the Court the following:

### PARTIES

1. Plaintiff **SOON BOCK MOON** is an individual and surviving *spouse* **of DECEDENT SUNG YOUN MOON** residing in Anaheim, Orange County, California 92805.

2. Plaintiff **SEHEE MOON** is an individual and surviving *daughter* **of DECEDENT SUNG YOUN MOON** residing in Anaheim, Orange County, California 92805.

3. Plaintiff **SEHEE MOON** as the **REPRESENTATIVE OF THE ESTATE OF SUNG**

**YOUN MOON (deceased)** and surviving *daughter* of **DECEDENT SUNG YOUN MOON** resides in Anaheim, Orange County, California 92805.

4. Plaintiff **HYEMIN MOON** is an individual and surviving *daughter* of **DECEDENT SUNG YOUN MOON** residing in Anaheim, Orange County, California 92805.

5. Plaintiff **HYE YOUNG MOON** is an individual and the surviving *daughter* of **DECEDENT SUNG YOUN MOON** residing in Anaheim, Orange County, California 92805.

6. Defendant **AMAZON LOGISTICS, INC.** ("**AMAZON**") is a Washington corporation doing business in the State of Texas and may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701.

7. Defendant **FESTAC LOGISTICS, LLC ("FESTAC")** is a Texas Limited Liability Company and may be served through its registered agent Margaret Daferede at 914 Dracena Court, Richmond, Texas 77406.

8. Defendant **ROTIMI ARIJELOYE ("ROTIMI")** is an individual and was employed by **AMAZON** and **FESTAC** at the time in question and may be served at his personal residence at 7401 Alma Drive, #411, Plano, Collin County, Texas 75205.

## JURISDICTION AND VENUE

9. The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a).

10. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11. All named Plaintiffs reside in and are citizens of the State of California.

12. Defendant **FESTAC** is a legal Texas entity doing business in the State of Texas.

13. Defendant **ROTIMI** is a resident and citizen of the state of Texas.

14. **AMAZON** is a Washington corporation doing business throughout the state of Texas.

15. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as all the events and/or omissions giving rise to the claim(s) in this action occurred in Palo Pinto County, Texas in the Northern District of Texas, Fort Worth Division.

## FACTS

16. This cause of action arises from a commercial motor vehicle collision causing the wrongful death of **SUNG YOUN MOON** ("**DECEDENT**").

17. On July 8, 2023, **DECEDENT** was the front seat passenger in an 18-wheeler tractor trailer operated by co-worker, Kevin Eom ("**EOM**").

18. **DECEDENT** and **EOM** were traveling west on Interstate 20 in Palo Pinto County, Texas at the time of the crash.

19. Defendant **ROTIMI** was driving an 18-wheeler tractor trailer owned and operated by **FESTAC** and **AMAZON** on the same Interstate coming from the opposite direction (eastbound) at the time of the crash.

20. Defendant **ROTIMI** was in the course and scope of his employment with both **FESTAC** and **AMAZON** (both are DOT motor carriers) at the time in question.

21. Defendant **ROTIMI** was entrusted to operate the tractor trailer by **FESTAC** and **AMAZON** at all relevant times.

22. On or about July 8, 2023 at approximately 11:50pm, Defendant **ROTIMI** crossed the grass median separating the east and westbound lanes of I-20. **ROTIMI** busted through the cable barriers striking the tractor trailer occupied by **DECEDENT** in a head-on

collision.

23. Every person involved in this crash was killed.

24. **DECEDENT** was survived by his wife and three adult daughters.

## CAUSES OF ACTION AGAINST ROTIMI ARIJELOYE

### *NEGLIGENCE*

25. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by Defendants negligence and gross negligence.

26. Defendant **ROTIMI** operated the vehicle he was driving in a negligent manner because he violated duties he owed to Plaintiffs to exercise ordinary care in the operation of Defendants' tractor trailer.

27. Defendant **ROTIMI** violated his duty of care by failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances.

28. Defendant **ROTIMI** violated his duty of care by driving at a speed greater than was reasonable and prudent under the circumstances in violation of Section 545.351 of the TEXAS TRANSPORTATION CODE.

29. Defendant **ROTIMI** violated his duty of care by failing to maintain control of his vehicle.

30. Defendant **ROTIMI** violated his duty of care by failing to maintain his lane of travel.

31. Defendant **ROTIMI** violated his duty of care by driving his vehicle while distracted.

32. Defendant **ROTIMI** violated his duty of care by driving his vehicle while operating a cell phone or other electronic device.

33. Defendant **ROTIMI** violated his duty of care by in driving while fatigued and/or asleep.

34. Defendant **ROTIMI** violated his duty of care by failing to timely slow down and/or apply the brakes of the vehicle in order to maintain control.

35. Defendant **ROTIMI** violated his duty of care by operating a vehicle while impaired by drugs and/or alcohol.

36. Defendant **ROTIMI** violated his duty of care by operating a vehicle that was unsafe to operate on public roadways.

37. Defendant **ROTIMI** violated his duty of care by operating a vehicle without proper corrective lenses.

38. Defendant **ROTIMI** was unqualified to operate a commercial vehicle per Federal Motor Carrier Safety Regulations and Texas Commercial Regulations.

39. Defendant **ROTIMI**'s negligence was a proximate cause of Mr. Moon's injuries and death.

40. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and **DECEDENT's** death.

## *GROSS NEGLIGENCE*

41. Defendant **ROTIMI's** conduct was more than momentary thoughtlessness or inadvertence.

42. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.

43. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs and others similarly situated.

44. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and the injuries and the death of **DECEDENT**.

## CAUSES OF ACTION AGAINST AMAZON LOGISTICS, INC.

### *RESPONDEAT SUPERIOR/NEGLIGENCE*

45. Defendant **AMAZON** is liable under the theory of *respondeat superior* in that **ROTIMI** was acting within the course and scope of his employment and/or agency with **AMAZON** by hauling goods owned, distributed and/or controlled by **AMAZON** at the time of the crash.

46. Defendant **AMAZON** is responsible for the acts and/or omissions of **ROTIMI** which whether taken singularly or in any combination, constitute negligence and negligence per se and gross negligence which proximately caused the collision and the death of **DECEDENT**.

### *NEGLIGENCE*

47. **AMAZON** was independently negligent in one or more of the following respects:

    a. negligent hiring;
    b. negligent entrustment;
    c. negligent driver qualifications;
    d. negligent training and supervision;
    e. negligent retention;
    f. negligent contracting; and
    g. negligent maintenance.

48. **AMAZON** negligently hired and/or contracted for the services of Defendant **ROTIMI**.

49. **AMAZON** knew or should have known Defendant **ROTIMI** was an unlicensed, incompetent and/or reckless driver.

50. **AMAZON** violated the duty to exercise ordinary care in the entrustment and operation of

their trailer.

51. Each of these acts and/or omissions listed above in paragraphs 39 through 44, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which caused the injuries and the death of **DECEDENT**.

### *GROSS NEGLIGENCE*

52. **AMAZON**'s actions and/or omissions were more than moments of thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to **DECEDENT**. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of **DECEDENT** or others similarly situated.

53. Each of these acts and/or omissions listed above in paragraphs 39 through 44, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision, the injuries to **DECEDENT** and his death as specifically set forth herein.

### CAUSES OF ACTION AGAINST FESTAC LOGISTICS, LLC

54. Defendant **FESTAC** is liable under the theory of *respondeat superior* in that **ROTIMI ARIJELOYE** was acting within the course and scope of his employment and/or agency with **FESTAC** at the time the wreck occurred.

55. Defendant **FESTAC** is responsible for the acts and/or omissions of **ROTIMI ARIJELOYE** which whether taken singularly or in any combination, constitute

negligence and negligence per se and gross negligence which proximately caused the collision and the death of **DECEDENT**.

### *NEGLIGENCE*

56. **FESTAC** was independently negligent in one or more of the following aspects:

    a. negligent hiring;
    b. negligent entrustment;
    c. negligent driver qualifications;
    d. negligent training and supervision;
    e. negligent retention;
    f. negligent contracting; and
    g. negligent maintenance.

57. **FESTAC** negligently hired and/or contracted for services of Defendant **ROTIMI**.

58. **FESTAC** knew or should have known Defendant **ROTIMI** was an unlicensed, incompetent and/or reckless driver.

59. **FESTAC** violated the duty to exercise ordinary care in the entrustment and operation of their trailer.

60. Each of these acts and/or omissions listed above in paragraphs 48 through 53, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which caused the injuries and the death of **DECEDENT**.

### *GROSS NEGLIGENCE*

61. **FESTAC**'S actions and/or omissions identified herein were more than moments of thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to **DECEDENT**. Defendant had actual, subjective awareness of the risk involved but, nevertheless,

proceeded in conscious indifference to the rights, safety, or welfare of **DECEDENT** or others similarly situated.

62. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision, the injuries to **DECEDENT** and **PLAINTIFFS** as specifically set forth herein.

## INTEREST

63. Plaintiffs further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## TEXAS WRONGFUL DEATH ACT

64. Plaintiffs sue in every capacity and for every element of damages to which they are entitled by reason of the matters made the basis of this suit, including the damages under the Wrongful Death Act (TEX. CIV. PRAC. & REM. CODE ANN., Sec. 71002, et seq.) These damages which have been sustained in the past or which will be sustained in the future, include but are not limited to:

- conscious pain and suffering,
- funeral expenses,
- necessary and reasonable medical expenses,
- physical pain and suffering,
- mental anguish,
- loss of consortium,
- loss of household services,
- lost earnings,
- loss of earning capacity,
- pecuniary loss,
- out of pocket expenses,
- personal property damage,
- grief,
- past and future mental trauma and emotional injuries,
- physical disfigurement,

- physical impairment,
- past and future loss of companionship and society,
- past and future loss of love and affection, support,
- past and future loss of guidance and
- past and future loss of inheritance.

65. Plaintiffs sue in every capacity and for every element of damages to which they are entitled by reason of the matters made the basis of this suit, including the damages under the Survival statutes (TEX. CIV. PRAC. & REM CODE ANN., Sec. 71021) of the State of Texas. These damages which have been sustained in the past or which will be sustained in the future, include but are not limited to:

- conscious pain and suffering,
- funeral expenses,
- necessary and reasonable medical expenses,
- physical pain and suffering,
- mental anguish,
- loss of consortium,
- loss of household services,
- lost earnings,
- loss of earning capacity,
- pecuniary loss,
- out of pocket expenses,
- personal property damage,
- grief,
- past and future mental trauma and emotional injuries,
- physical disfigurement,
- physical impairment,
- past and future loss of companionship and society,
- past and future loss of love and affection, support,
- past and future loss of guidance and
- past and future loss of inheritance.

66.

## **DEMAND FOR JURY TRIAL**

67. Plaintiffs demand a trial by jury. Plaintiffs acknowledge and tender payment this date of the required jury fee.

## GENERAL DAMAGES

68. As a direct and proximate cause of the Defendants' negligence and gross negligence, Plaintiffs suffered damages allowed by law for personal injuries in an amount in excess of $75,000.00.

69. As a further result of the Defendants' gross negligence, Plaintiffs have suffered loss of:

- conscious pain and suffering,
- funeral expenses,
- necessary and reasonable medical expenses,
- physical pain and suffering,
- mental anguish,
- loss of consortium,
- loss of household services,
- lost earnings,
- loss of earning capacity,
- pecuniary loss,
- out of pocket expenses,
- personal property damage,
- grief,
- past and future mental trauma and emotional injuries,
- physical disfigurement,
- physical impairment,
- past and future loss of companionship and society,
- past and future loss of love and affection, support,
- past and future loss of guidance and
- past and future loss of inheritance.

## PUNITIVE DAMAGES

70. Plaintiffs incorporate herein by reference paragraphs 1-69, inclusive of this Complaint.

71. Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death. Defendants

caused substantial personal injury to Plaintiffs and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including **DECEDENT** and Plaintiffs.

72. Plaintiffs seek the imposition of punitive or exemplary damages from Defendants without limitation as imposed by § 41.008 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

## **PRAYER**

Plaintiffs request this Court issue citation to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of $75,000, exemplary damages as awarded by the jury, together with pre- and post- judgment interest, costs of court and such other and further relief as the Court deems just and equitable.

*[Signature on Next Page]*

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET.
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601

_____
**RUSSELL W. ENDSLEY**
STATE BAR NO. 24026824
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361.985.0600
Facsimile: 361.985.0601
*Email: *rendsley-svc@tjhlaw.com*
*service by email to this address only*
***ATTORNEY FOR PLAINTIFFS***